**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4461**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARIUS LATRON CHANEY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. H. Brent McKnight, District Judge. (CR-03-40)

Submitted: November 2, 2005        Decided: December 20, 2005

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott H. Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. Robert John Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darius Latron Chaney appeals his convictions and 272-month sentence imposed following his guilty plea to robbery of a motor vehicle by force or violence, in violation of 18 U.S.C. § 2119 (2000); possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1),(2) (2000); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Chaney's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court erred when it sentenced Chaney as a career offender and as an armed career offender. Chaney filed a pro se supplemental brief, raising additional claims.

The Anders brief and Chaney's pro se supplemental brief were filed after Blakely v. Washington, 542 U.S. 296 (2004), and prior to United States v. Booker, 125 S. Ct. 738 (2005). While Chaney's counsel makes general arguments as to the propriety of the district court's sentence, he does not reference either Blakely or Booker. Because this is an Anders appeal, we nonetheless consider the impact of those cases.

As Chaney did not assert a Blakely or Booker-type issue in the district court, we review for plain error. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005). To establish

a Sixth Amendment error occurred during sentencing, a defendant who entered a guilty plea must show that the district court imposed a sentence exceeding the maximum allowed based only on the facts to which he admitted.  Id.  However, this court has recognized an exception to the general rule in that a district court may enhance a sentence based on the "fact of a prior conviction" regardless of whether or not it was admitted to by the defendant or found by a jury.  See United States v. Thompson, 421 F.3d 278, 282, 283-86 (4th Cir. 2005).  Such enhancement will not constitute Sixth Amendment error if the facts necessary to support the enhancement "inhere in the fact of conviction" rather than being "extraneous to it."  Id. at 283.

We find Chaney's arguments regarding his sentence are foreclosed by Thompson.  Chaney does not dispute he has at least three prior convictions qualifying as "violent felonies" and that they were "committed on occasions different from one another."  See 18 U.S.C. § 924(e) (2000).  Because the facts necessary to support the enhancement under U.S. Sentencing Guidelines Manual § 4B1.4(b)(3)(B) (2002) "inhere in the fact of conviction," there is no error under Blakely, Booker, or their progeny.  See Thompson, 421 F.3d at 283, 287 & n.5; see also United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (holding that the armed career criminal designation based on prior convictions does not violate Booker), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Oct. 3, 2005) (No.

- 3 -

05-6904); <u>United States v. Collins</u>, 412 F.3d 515, 521-23 (4th Cir. 2005) (holding that, when the facts are undisputed, the application of the career offender enhancement falls within the exception for prior convictions). As required by <u>Anders</u>, we have throughly reviewed the record for any potential sentencing claims and conclude that Chaney is not entitled to relief under <u>Booker</u>.

With regard to the remaining issues raised in Chaney's pro se supplemental brief, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999). To allow for adequate development of the record, claims of ineffective assistance generally should be raised in a proceeding commenced pursuant to 28 U.S.C. § 2255 (2000). <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997). After comprehensive inquiry, the district court properly concluded that Chaney's plea was knowing and voluntary. Moreover, there is no reference to Chaney's other claim that his right to self-incrimination was violated. In fact, Chaney offers nothing but his bare allegations in support of this contention. Because the record does not conclusively establish counsel was ineffective in this regard, we decline to review this claim on direct appeal since the claim should be brought in a § 2255 action.

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm Chaney's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>